# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLYNN, CDCR #AI-8119,<br><br>  Plaintiff,<br><br>vs.<br><br>CANLAS, MD, et al.,<br><br>  Defendants. | Civil No.   15-cv-2115 WQH (PCL)<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br>**[ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES REQUIRED BY**<br>**28 U.S.C. § 1914(a)** |

David Flynn ("Plaintiff"), a prisoner confined at Valley State Prison ("VSP") in Chowchilla, California, and proceeding in pro se, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 on September 21, 2015 (ECF No. 1).[1]

Plaintiff did not prepay the $400 civil filing fee required to commence a civil action by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

---

[1] On November 23, 2015, Plaintiff filed a Notice of Change of Address indicating he has since been released from custody (ECF No. 3).

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, if the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h),[3] as amended by the Prison Litigation Reform Act ("PLRA"), at the time of filing, he may be granted leave to proceed IFP, but unlike non-incarcerated civil litigants, he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Thus, under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[3] Under 28 U.S.C. § 1915(h), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff was incarcerated at VSP when he filed this action; indeed, he so admits in Motion to Proceed IFP, to which he has attached a certified prison certificate of his trust account activity as reported by VSP officials. *See* ECF No. 2 at 4-5. As a prisoner, therefore, he is "required to pay the full amount of a filing fee" in order to commence a civil action. 28 U.S.C. § 1915(b)(1).

When a prisoner, like Plaintiff, files a motion to proceed IFP which shows he is financially unable to prepay the *full* amount of the civil filing fee required by 28 U.S.C. § 1914(a), the Court typically assesses an initial partial filing fee based on Plaintiff's average inmate trust account deposits and balances over the six-month period preceding the filing of his complaint, *see* 28 U.S.C. § 1915(b)(1), and thereafter directs the "agency having custody" to forward both the initial and subsequent monthly payments required "until the filing fees are paid." *See* 28 U.S.C. § 1915(b)(2).

However, Plaintiff's release from custody renders 28 U.S.C. § 1915(b)'s fee collection provisions unenforceable in this case; for if Plaintiff is no longer incarcerated at VSP, and he is no longer in the custody of any state or local correctional institution as his Notice of Change of Address indicates (ECF No. 3), no inmate trust account exists from which his filing fees may be garnished and forwarded to the court. *See DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2010) (noting that after a prisoner is released, there is "no 'prisoner's account' from which to deduct . . . payments."). "Section 1915(b)(2) provides no method of remitting payments other than by deduction from a prisoner's account, and thus it does not shed any light on how payments should be paid once that prisoner is released." *Id.*

The Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has been released, *i.e.*, whether he must prepay the entire civil filing fee at

1  once, whether he may proceed pursuant to some other partial fee and/or court-ordered
2  installment payment plan, or whether his obligation to pay the fee is waived altogether
3  or in part by virtue of his release. *See Putzer v. Attal*, 2013 WL 4519351 at *1 (D.
4  Nev. Aug. 23, 2013) (unpub.) (noting the "unresolved issue within the Ninth Circuit
5  regarding the application of the Prison Litigation Reform Act (PLRA) pauper
6  application requirements in cases where the prisoner is released *pendente lite, i.e.,*
7  during the litigation."); *see also Turner v. San Diego County*, 2014 WL 5800595 at
8  *2-3 (S.D. Cal. Nov. 7, 2014) (unpub.) (noting absence of 9th Circuit authority);
9  *Patten v. Walker*, 2015 WL 3623687 at *5 (E.D. Cal. June 9, 2015) (unpub.) (same).

10  In *Putzer*, U.S. District Judge Andrew P. Gordon canvassed other published
11  federal circuit cases, noted a split, and concluded, like the Fifth, Seventh, and District
12  of Columbia Circuits, that if an IFP application is filed by a prisoner, the
13  "straightforward Congressional command in § 1915(b)(1)" requires that "full payment
14  . . . is triggered upon the filing of the . . . complaint," and regardless of "how the
15  requirement is satisfied." *Id.* at *1-2; *citing Gay v. Texas Dept. of Corrections*, 117
16  F.3d 240, 241-42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251-52 (D.C. Cir.
17  1997); *Robbins v. Switzer*, 104 F.3d 895, 897-99 (7th Cir. 1997).

18  Judge Gordon further rejected the Tenth, Fourth, Sixth, and Second Circuit's
19  contrary conclusions in *Brown v. Eppler*, 725 F.3d 1221, 1231 n.7 (10th Cir. 2013);
20  *DeBlasio*, 315 F.3d at 397; *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138-
21  39 (6th Cir. 1997); and *McCann v. Commissioner, Social Security Administration*, 96
22  F.3d 28, 29-30 (2d Cir. 1996), all holding that § 1915(b)(1)'s full fee payment
23  requirements do *not* continue post-release. Instead, Judge Gordon noted that in the
24  Ninth Circuit "even prior to the PLRA . . . district courts possessed authority under the
25  non-PLRA-related provisions of § 1915 to require partial and/or installment
26  payments." *Putzer*, 2013 WL 4519351 at *2 (citing *Olivares v. Marshall*, 59 F.3d 109,
27  111 (9th Cir. 1995) ("We take this opportunity to make the apparent explicit:
28  / / /

1  Courts have discretion to impose partial filing fees under the *in forma pauperis*
2  statute.")).

3  Reasoning that because "[i]n the Ninth Circuit . . . , the district court retains the
4  discretion to order installment payments even without the specific statutory payment
5  mechanisms otherwise applicable when the plaintiff is incarcerated," *id.* at *2 n.2,
6  *Putzer* concludes, for reasons this Court also finds persuasive, and in the absence of
7  other binding authority on point, that while "the amount of the initial partial payment
8  and installment payments may be determined either from the plaintiff's prior inmate
9  account balance and/or based on upon the plaintiff's post-release assets and income,
10 . . . the fact that a different, but pre-existing method of enforcing the full-payment
11 requirement of the statute must be utilized does not justify disregarding the
12 Congressional command as to what is required." *Id.* Indeed, this Court's own Local
13 Rules governing IFP actions have long provided that "[i]n considering a non-
14 prisoner's request to proceed *in forma pauperis*, the court may, in its discretion,
15 impose a partial filing fee partial fee which is less than the full filing fee that is
16 required by law, but which is commensurate with the applicant's ability to pay." *See*
17 S.D. CAL. CIVLR 3.2d.

18 And while the PLRA's amendments to § 1915(b)(1) do not permit imposition of
19 a fee less than the "full amount" which is owed if the Plaintiff was a prisoner at the
20 time of filing, this Court finds that it may assess, based on the financial information
21 provided in Plaintiff's inmate trust account statements, a partial initial fee pursuant to
22 § 1915(b)(1), and thereafter exercise its pre-PLRA discretion under *Olivares* and
23 Local Rule 3.2d to collect the remainder of the $350 filing fee balance, due in
24 installments, and dependent on Plaintiff's post-release ability to pay. *See Putzer*, 2013
25 WL 4519351 at *3; *Olivares*, 59 F.3d at 112 (remanding fee payments to district court
26 in order to "review [plaintiff's] present economic situation and fit a fee to the
27 economic facts if [he] [wa]s still interested in pursuing his claim.").
28 / / /

However, because 28 U.S.C. § 1915(b)(4) also provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial filing fee," *see Taylor*, 281 F.3d at 850 (citing 28 U.S.C. § 1915(b)(4)'s "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"), and the Court does not have before it any financial affidavit which reflects Plaintiff's *current* post-incarceration income, assets, or ability to pay, it hereby DENIES Plaintiff's initial Motion to Proceed IFP (ECF No. 2), without prejudice, and directs him, should he wish to further prosecute this action, to file a supplemental application to proceed IFP which documents his current post-release income, assets, and expenses within 30 days of this Order. *See* 28 U.S.C. § 1915(a); *see also Adler v. Gonzalez*, 2015 WL 4041772 at *2 (E.D. Cal. July 1, 2015) (unpub.) (findings and recommendations in re IFP requiring "updated IFP application" of released prisoner because court "ha[d] before it no evidence that Plaintiff [remained] a pauper," and the "[c]ircumstances that undoubtedly contributed to his impoverishment, *i.e.*, imprisonment, no longer exist."); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (noting that "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life.").

If he does, Plaintiff is cautioned that even if his supplemental application to proceed IFP is granted, he will nevertheless remain obligated to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a) due to his status as a prisoner at the time this action was commenced. *See* 28 U.S.C. § 1915(b)(1). His status as a prisoner at filing will also subject Plaintiff to other restrictions placed on prisoners under the PLRA. For example, his Complaint will be immediately subject to the sua sponte screening required by 28 U.S.C. § 1915A(b) and dismissed if it is found to be frivolous or malicious, if it fails to state a claim, or if it seeks monetary relief from a

///

defendant who is immune, and regardless of any fees which will remain due.[4] *See* 28 U.S.C. § 1915A(b)(1)-(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). Such a dismissal may also count as a future "strike" against him pursuant to 28 U.S.C. § 1915(g). *See Andrews*, 398 F.3d at 1116 n.1 ("Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP."). In addition, Defendants may be entitled to summary judgment if they show Plaintiff failed to exhaust all administrative remedies available to him while he was incarcerated and before he filed suit. *See* 42 U.S.C. § 1997e(a); *Williams v. Paramo*, 775 F.3d 1182, 1190-92 (9th Cir. 2015).

## II.     Conclusion and Order

Based on the foregoing, the Court hereby:

1)     **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) without prejudice, **DISMISSES** this civil action without prejudice for failure to prepay filing fees required by 28 U.S.C. § 1914(a); and

2)     **GRANTS** Plaintiff thirty (30) days leave in which to re-open his case by *either* a) paying the full $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in one lump sum; or (b) filing a supplemental application to proceed IFP that includes an affidavit documenting his current post-release income, assets, and expenses. *See* 28 U.S.C. § 1915(a). If Plaintiff elects to re-open by filing a supplemental IFP application, he is cautioned that he may still be required to pay the full civil filing fee, but pursuant to a partial installment payment plan devised by the

---

[4] In this regard, the Court cautions Plaintiff that while he has named one Richard J. Donovan Correctional Facility ("RJD") medical doctor as a Defendant (Canlas, MD), and alleges venue is proper in the Southern District of California because he was incarcerated at RJD in 2011 "when the incident began,"*see* Compl. at 2-3, his Complaint currently fails to include any factual matter to support a plausible claim for relief against Canlas, and instead focuses on alleged inadequacies of his medical treatment by the remaining Defendants, who are *all* medical officials at VSP, which is located in Madera County, and within the Eastern District of California, where he was transferred on November 6, 2012. *Id.* at 4-10; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."); 28 U.S.C. § 84(b); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Court dependent on his income, if funds are available, and regardless of whether his case is subsequently dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) or for any other reason.

3) Finally, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP") (Long Form).

If Plaintiff chooses *not* to comply with this Order by either paying the full $400 civil filing and administrative fee in one lump sum, or by submitting a completed AO 239 supplemental IFP application within 30 days, this civil action will remain dismissed without prejudice for the reasons stated above and without any further Order by the Court.

**IT IS SO ORDERED**.

DATED:  December 10, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge