UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLYNN,<br>Former CDCR #AI-8119,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br><br>CANLAS, MD; D. MADDOX, FNP;<br>N. MALAKKLA, MD; J&J DOE 1-100,<br><br>　　　　　　　　　　Defendants. | Case No.: 15-cv-2115 WQH (PCL)<br><br>**ORDER:**<br><br>**(1)  GRANTING SUPPLEMENTAL MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br>**[ECF Doc. No. 5]**<br><br>**AND**<br><br>**(2)  DISMISSING COMPLAINT AS TO DEFENDANT CANLAS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

　　David Flynn ("Plaintiff"), while incarcerated at Valley State Prison ("VSP") in Chowchilla, California, filed a civil rights Complaint ("Compl.") in this Court pursuant to 42 U.S.C. § 1983 on September 21, 2015 (ECF Doc. No. 1).

## I. Procedural History

Plaintiff did not prepay the $400 civil filing fee required to commence a civil action by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2). Soon after, Plaintiff filed a Notice of Change of Address indicating his release from state custody (ECF Doc. No. 3).

On December 12, 2015, the Court denied Plaintiff's Motion to Proceed IFP, because while it "include[d] a statement of all assets" Plaintiff possessed while a prisoner, it failed to account for his post-incarceration income, assets, or expenses. *See* Dec. 12, 2015 Order (ECF Doc. No. 4) at 5-6. Plaintiff was granted thirty days in which to file a supplemental IFP motion which "include[d] an affidavit documenting his post-release income, assets, and expenses," and demonstrated his current inability to pay the filing fees required by 28 U.S.C. § 1914(a). *Id.* at 7. Plaintiff was further cautioned that should he elect to proceed by filing a supplemental IFP motion, his Complaint would be subject to the sua sponte screening required by 28 U.S.C. § 1915A, and immediately dismissed if it was found frivolous or malicious, if it failed to state a claim, or if he sought damages from immune governmental defendants. *Id.* at 6-7. In fact, Plaintiff was specifically warned that as to Defendant Canlas, "his Complaint currently fail[ed] to include any factual matter to support a plausible claim for relief." *Id*. at 7 n.4.

On December 24, 2015, Plaintiff filed a supplemental Motion to Proceed IFP in compliance with the Court's December 12, 2015 Order (ECF Doc. No. 5).

## II. Supplemental Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay

2

the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of a civil action without prepayment of fees if a person submits an affidavit, including a statement of all assets he possesses, which shows he is unable to pay the required filing fee. *See* 28 U.S.C. § 1915(a). The determination of indigence falls within the court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). *See also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (noting that while a civil litigant need not "be absolutely destitute to enjoy the benefit of the [28 U.S.C. § 1915]," his affidavit must nevertheless demonstrate to the court that he cannot, because of poverty, pay or give security for the costs of suit "and still be able to provide himself and dependents with the necessities of life.") (internal quotations omitted). The facts as to the affiant's poverty must be stated with "some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

The Court finds that Plaintiff's Supplemental Motion and Affidavit to Proceed IFP (ECF Doc. No. 5) is sufficient to satisfy both 28 U.S.C. § 1915(a)(1) and S.D. CAL. CIVLR 3.2. Plaintiff's affidavit shows his only source of income is an expected monthly military disability payment of $258 and an additional $330 in "EBT" cash relief. *See* ECF Doc. No. 5 at 2. He and his spouse, who support a 10-year-old daughter, claim an additional $200 in cash and $60 in a Citibank checking account; but they own no home, vehicles, or any other assets. *Id.* at 2-3, 5. Plaintiff further claims $300 in total monthly expenses, attests to be "unemployable," and 'ha[s] filed for SSI" benefits. *Id.* at 5.

From this supplemental affidavit, the Court finds Plaintiff has insufficient available funds from which to pay any filing fees at this time, and therefore GRANTS his supplemental motion for leave to proceed IFP (ECF Doc. No. 5).

## III. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A(b)

### A. Standard

The Prison Litigation Reform Act's amendments to 28 U.S.C. § 1915 also require that the Court review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who file civil actions while "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); see also *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

To state a claim, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then

determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### B. Plaintiff's Allegations

In his Complaint, Plaintiff claims that while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, in December 2011, he submitted a "Health Care Services Request Form, CDCR 7362" requesting treatment for "possible cancer on [his] face." Compl. at 3 ¶¶ 8-9. In his CDCR 7362, which he identifies as HC Appeal No. 2365578, and has attached as an exhibit to his pleading,[1] Plaintiff

---

[1] "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)

1  reported "peeling and bleeding" on the left side of his face, and to have been previously
2  been "diagnosed with skin cancer." *Id.* Ex. A at 16. Plaintiff claimed he had received
3  "freezing treatment" two years prior, but had "no treatment since," and he requested "a
4  cream" or some other medical attention. *Id.* The CDCR 7362 indicates Plaintiff's request
5  was received on 12/6/11, completed by "Stedman, LVN," reviewed by "J. Bersan," and
6  signed by "S. Pauley." *Id.* The CDCR 7362 also indicates Plaintiff was evaluated by a
7  registered triage nurse, prescribed "AA ointment," instructed on its use, and referred to a
8  primary care doctor ("PCP") on December 8, 2011. *Id.*

9       Dr. Romero at RJD thereafter referred Plaintiff for an examination by P. Haines Ely,
10 MD on March 7, 2012, via the UC Davis Telemedicine Service. *Id.* at 3 ¶ 10. Dr. Ely
11 assessed Plaintiff with "multiple actinic keratosis in the face," prescribed Efudex 5%
12 cream, and recommended a follow-up in 2 months. *Id.*, Ex. B at 18. Plaintiff was again
13 referred to Dr. Ely on May 16, 2012, by RJD Dr. Choo. *Id.* at 3 ¶ 11 & Ex. C at 20. Dr. Ely
14 noted that Plaintiff had been denied Efudex as "non-formulary," and he therefore
15 recommended a biopsy. *Id.* ¶ 11. Plaintiff contends, however, that he was "never informed
16 that further treatment was needed," "did not see Dr. Canlas MD again," and was not "put
17 on medical hold." *Id.*

18      Plaintiff was then transferred to CRC Correctional Institution in Norco, California,
19 on July 17, 2012, *id.* at 4 ¶ 12, and again transferred to VSP on November 6, 2012. *Id.* ¶ 13.

20      Almost a year after his transfer to VSP, on December 9, 2013, Plaintiff again claims
21 to have "expressed his concerns about the cancer spots around his face and forehead" to
22 Defendant Maddox, a registered nurse. *Id.* at 4 ¶ 15. Plaintiff contends Maddox failed to
23 adequately or timely address his dermatological needs, and "falsified" documents related
24 to his medical appeals until July 29, 2014, when he was once again examined by Dr. Ely.
25 *Id.* at 5-8. At that time, Dr. Ely assessed Plaintiff as "need[ing] Mohs surgery for the tumors

of his left outer canthus and nose," noted that "[h]is scalp could probably be done at the same time," and that the matter was "urgent" because Plaintiff's "tumors ha[d] been enlarging and bleeding since at least 2012." *Id.*, Ex. K at 46.

Plaintiff was first referred to the West Coast Skin and Cancer Medical Center, in Fresno, California, on September 9, 2014, where Dr. Babar Rao, MD, a dermatologist, recommended several biopsies for Plaintiff's face, cheeks, forehead, arms and scalp. *Id.* ¶ 24. Plaintiff's Exhibit L indicates Dr. Rao performed Mohs micrographic surgery to Plaintiff's left lateral eye, left nasal wall, left scalp, and forehead on September 9, 2014, October 13, 2014, and December 17, 2014, respectively. *Id.*, ¶¶ 24, 26, 27 & Ex. L at 47-52. Two of those biopsies indicated squamous cell carcinoma, *id.* ¶ 27 & Ex. L at 53-54, and Plaintiff was returned to Dr. Rao for additional Mohs surgery to his scalp and forehead on February 19, 2015. *Id.* ¶ 28 & Ex. M at 55-59.

After he returned to VSP on February 19, 2015, Plaintiff claims to have reported "severe pain" in the surgical area on his scalp to an unidentified "TTA nurse" and to VSP's Chief Physician and Surgeon, N. Malakkla, MD. *Id.* ¶ 29. Plaintiff claims Malakkla "ignored" him, told him to "sshh," prescribed two aspirin, and walked away. *Id.* ¶ 29. Plaintiff claims he then had "severe pain" for the rest of the day, vomited, and suffered "migrain[e]s all night."

Plaintiff admits he "continues to be seen," and to "get freeze treatments" from Dr. Rao. *Id.* ¶¶ 32-33. Dr. Rao also performed another Mohs surgery on Plaintiff's left temple on April 15, 2015. *Id.* ¶ 32 & Ex. O at 64-69.

Plaintiff seeks declaratory relief and $1,500,000 in damages against Dr. Canlas (at RJD), and D. Maddox, RN, and N. Malakkla, MD, (both at VSP) based on their "deliberate indifference to [his] medical needs." *Id.* at 12-13, ¶ 41.

/ / /

### C. 42 U.S.C. § 1983

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff alleges Defendants Canlas, Maddox, and Malakkla were all employed at RJD and VSP and acting in their capacities as prison medical personnel during the times mentioned in his Complaint. *See* Compl. at 2. "Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988). Thus, the Court next turns to the second inquiry, "whether the prison officials' conduct deprived [Plaintiff] of [his] rights under the Eighth Amendment." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

### D. Individual Liability – Dr. Canlas

As to Plaintiff's allegations regarding RJD Dr. Canlas, the Court finds Plaintiff's Complaint fails to state a claim upon which § 1983 relief can be granted, because it contains no individualized allegations of wrongdoing by Dr. Canlas, and instead only describes him as a "physician on D-Yard" at RJD whom Plaintiff claims is "legally responsible for the health and welfare" of prisoners confined there. *See* Compl. at 2 ¶ 4.

"Because vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's Complaint, however, contains no "further factual enhancement" to describe what Dr. Canlas did, or what he failed to do with regard to the health services request Plaintiff first submitted at RJD on December 6,

2011, or the medical treatment he received between March and July 2012, when he was transferred to another institution. *Id*. at 678 (citing *Twombly*, 550 U.S. at 557); *see* Compl. at 3-4, ¶¶ 8-11.

Plaintiff only mentions Dr. Canlas once when describing his medical care at RJD. Plaintiff claims that he "did not see Dr. Canlas MD again;" however, Plaintiff fails to first mention that Dr. Canlas ever treated or was responsible for treating Plaintiff.  *See* Compl. at 4, ¶ 11.  Rather, Plaintiff claims that he was evaluated twice by Dr. Ely at UC Davis. *See* Compl. at 4, ¶ 11 & Exs. B & C. While Plaintiff *does* claim that he was "never informed that further treatment was needed" after Dr. Ely re-evaluated him on May 16, 2012, *id.*, he does not attribute this duty or failure to Dr. Canlas.

"Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).

Without some specific "factual content" that might allow the Court to "draw the reasonable inference" that Dr. Canlas may be held personally liable for any failure to provide Plaintiff with medical care while he was at RJD, the Court finds his Complaint, as currently pleaded, contains only the type of "defendant-unlawfully-harmed-me accusations," which *Iqbal* makes clear, fail to "state a claim to relief that is plausible on its

face." *Iqbal*, 556 U.S. at 568.

### E. VSP Medical Care Claims

As to Plaintiff's deliberate indifference claims arising at VSP against Defendants Maddox and Malakkla, the Court finds Plaintiff's Complaint sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Wilhelm*, 680 F.3d at 1123; *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (prison officials may be held liable under the Eighth Amendment if they act with deliberate indifference to serious medical needs); *id.* at 104-05 (deliberate indifference may be shown if prison officials "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed.").

### F. Leave to Amend

Because Plaintiff is proceeding without counsel and he has now been provided with notice of his Complaint's deficiencies as to Dr. Canlas, the Court will grant him an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### F. Venue

Finally, Plaintiff is cautioned that should he choose *not* to amend his Complaint as to Defendant Canlas, who is the only party alleged to reside in San Diego County, the remainder of his Eighth Amendment claims as to Defendants Maddox and Malakkla, and arising at VSP in Chowchilla, California, located in Madera County, will be subject to a sua sponte transfer to the Eastern District of California for lack of proper venue pursuant to 28 U.S.C. 84(b). *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

To the extent Plaintiff's original Complaint included claims arising in and against Defendants alleged to reside both in San Diego and Madera Counties, venue in either the Southern or the Eastern Districts of California was proper. *See* 28 U.S.C. §§ 84(b), (d). Plaintiff's claims against Dr. Canlas, however, have been dismissed. Therefore, if Plaintiff fails to amend, his sole remaining claims, alleged to have arisen at VSP and involving only VSP officials, will be subject to transfer to the Eastern District of California, where they could have been brought, because the Southern District of California will no longer be a proper venue. *See* 28 U.S.C. § 1406(a).

**IV.  Conclusion and Order**

For the reasons stated above, the Court:

1.  GRANTS Plaintiff's Supplemental Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 5);

2.  DISMISSES Plaintiff's Complaint as to Dr. Canlas without prejudice and with leave to amend for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

3. GRANTS Plaintiff forty-five (45) days leave from the date of this Order to file an Amended Complaint which cures the deficiencies of pleading a claim against Defendant Canlas as described in this Order. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Any Defendant not named, and any claim not re-alleged in the Amended Complaint will be considered waived. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); and

4. CAUTIONS Plaintiff that should he elect *not* to file an Amended Complaint within the time provided, the Court will, in lieu of dismissal, transfer Plaintiff's remaining claims to the Eastern District of California for the convenience of the parties and in the interests of justice pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

Dated: February 25, 2016

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court